IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WHITFIELD, et al.,

    Plaintiffs,                              No. CIV S-06-2303 FCD KJM P

    vs.

D.R. SISTO, et al.,

    Defendants.                           ORDER

_____/

          Plaintiffs are state prisoners proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

          In the instant action, plaintiffs are individuals in the custody of the California Department of Corrections and Rehabilitation, presently confined at California State Prison Solano. In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur

1

when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Accordingly, the court will order that plaintiffs' claims be severed. Plaintiff David Whitfield will proceed in this action, while the other five plaintiffs will proceed in separate civil actions to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action.

Plaintiffs also ask that this action proceed as a class action. None of the plaintiffs are attorneys and it is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). For this reason and for the same reasons the court is severing plaintiffs' claims, plaintiffs' request that this action proceed as a class action will be denied.

The Clerk of the Court will be directed to assign the new actions to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Plaintiffs have requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional

Plaintiff Whitfield has filed a request to proceed in forma pauperis. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff Whitfield is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $1.00 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' October 18, 2006 request that this action proceed as a class action is denied.

2. Plaintiff David Whilfield's October 18, 2006 and November 28, 2006 motions for the appointment of counsel are denied.

3. The claims of plaintiffs Mallard King, Luis Salazar, Miguel Diaz, Ronald Blamey and Donald Walker are severed from the claims of David Whitfield.

4. Plaintiff David Whitfield shall proceed as the sole plaintiff in this case.

5. The Clerk of the Court is directed to:

    a. Open five separate civil actions for plaintiffs identified in #3 above;

    b. Assign each action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

/////

          c. File and docket a copy of this order in each of the five files opened for the plaintiffs listed in number #3 above;

          d. Place a copy of the complaint filed October 18, 2006, in each of the five files opened for the plaintiffs listed in number #3 above;

          e. Strike from the caption of each plaintiff's complaint all plaintiffs' names except the name of the individual plaintiff proceeding in the action;

          f. Send each of the six plaintiffs an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action.

    6. All six plaintiffs' complaints are dismissed.

    7. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983 and, with the exception of plaintiff David Whitfield, a new Application to Proceed In Forma Pauperis By a Prisoner.

    8. Each plaintiff is granted thirty days from the date of service of this order to file an amended complaint and, with the exception of plaintiff David Whitfield, an application to proceed in forma pauperis, using the forms provided by the court with this order. Each plaintiff's documents must bear the docket number assigned to his own individual case, and each complaint must be labeled "Amended Complaint." Each plaintiff must file an original and two copies of his amended complaint. Failure to file an amended complaint or a new application to proceed in forma pauperis in accordance with this order will result in a recommendation that the plaintiff's action be dismissed.

DATED: May 1, 2007.

_____
U.S. MAGISTRATE JUDGE

1/whit2303.(2)(10.18.06)